Mary O. Hurt, Appellant, v. Raymond H. Hurt, Appellee.

Gen. No. 46,026.

Opinion filed October 26, 1953.
Released for publication December 1, 1953.

LLOYD C. MOODY, of Chicago, for appellant; MAXFIELD WEISBROD, of Chicago, of counsel.

JOHN H. ROSER, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

On September 12, 1936, at River Grove, Illinois, Mary O. Hurt and Raymond H. Hurt were married. On March 13, 1940, they became parents of a daughter, Darlene. On April 19, 1949, a decree severing the bonds of matrimony was entered in the superior court of Cook county in a complaint filed by the wife. Defendant was served with a summons and entered his appearance. Plaintiff was awarded the care, custody and control of Darlene, the defendant having the privilege of seeing her on Monday and Friday of each week at an hour to be agreed upon by the parties. It was further decreed that the defendant pay to the plaintiff

$10 per week for the support and maintenance of Darlene.

On June 10, 1952, plaintiff filed a petition stating that from August 8, 1949, the defendant wilfully failed to comply with the order requiring the payment of support money for the child and prayed that an order be entered requiring him to pay "the accrued sum of money." Answering, the defendant denied that he wilfully refused to pay the support money and averred that without his permission or authority of the court plaintiff took the child out of the State; that he did not know where the child was until June 10, 1952; that the plaintiff returned to him the money order sent to her for the support of the child; that plaintiff wrote him a letter stating that the child did not want to return to Chicago; and that defendant is being denied the privilege of seeing the child. On July 2, 1952, plaintiff filed a second petition stating that the defendant failed, refused and neglected to pay the support money for the child; that defendant is in arrears in such payments for support and maintenance of the child from August 8, 1949, to June 10, 1952, in the sum of $1,510; and that she was required to engage the services of an attorney to represent her in enforcing the decree. She asked that the court enter judgment for $1,510 and allow her a reasonable amount for her attorney's fees. Defendant, answering the second petition, stated that plaintiff took Darlene out of the jurisdiction of the court without permission and that plaintiff returned the support money he sent her.

The report of proceedings shows that no evidence was heard. The matter was disposed of on the petition and answers and the statements of the respective attorneys and of the plaintiff. The court said: "If the child is out of the jurisdiction of the court without the permission of the court, she is not entitled to support."

The attorney for plaintiff inquired whether the statement of the court would apply if the child leaves the jurisdiction of the court with the consent of the parties. The court said it would. At the time of the hearing Darlene was present. The court inquired of plaintiff whether she intended to keep the child in this State and plaintiff answered in the negative, whereupon the court said, "Then you don't get support." Plaintiff said, "Well, he consented, sir." The court said that if defendant consents "that is his concern," but that no court order would be entered. Thereupon the court entered a decree finding that plaintiff took Darlene beyond the jurisdiction of the court without first having obtained leave to do so; that "thereby said defendant was and is relieved of any and all liability to plaintiff for the support and maintenance" of Darlene, as provided in the decree. The chancellor also found that the defendant "did not apply to this court to be relieved of and from liability for the support and maintenance of said child, counsel for said defendant having admitted in open court that defendant had knowledge that plaintiff had taken said child beyond the jurisdiction of this court." The court thereupon decreed that the defendant be discharged and relieved of any liability to plaintiff for the support and maintenance of Darlene. Plaintiff appeals.

The defendant knew that Darlene was not in this State. He took no steps to modify the decree. In *Kelley v. Kelley*, 317 Ill. 104, the court said (110):

"While the marriage relation may be dissolved and the marital rights and duties thereby brought to an end, the relation of parent and child cannot be destroyed. The obligation of the father to support his children begins when the child is born and continues during the minority of the child. This obligation of

the father to support his minor child is not affected by the decree granting a divorce, nor by a decree granting the care and custody of his child to his wife or some other suitable person. (*Plaster v. Plaster,* supra.) His children are of his blood. It is not their fault that their parents have been divorced. It is their right to be given care by those who brought them into the world until they are old enough to take care of themselves."

██ ██ Plaintiff does not seek to have defendant held in contempt of court for failing to comply with the order to pay support money. She asks a judgment for the amount in arrears and also the allowance of reasonable attorney's fees. In *Craig v. Craig,* 163 Ill. 176, our Supreme Court said (185):

"In the case at bar it was error to set aside and cancel alimony which has already accrued and was due to plaintiff in error under the decree. The amount of such alimony was a debt due from the defendant James R. Craig to the beneficiary in the decree, and the latter had a vested property right therein, which the court was not authorized to take away from her."

In *Banck v. Banck,* 322 Ill. App. 369, the court said (376):

"Alimony past due under a decree is a vested debt and cannot be set aside nor can payment of amount past due thereunder be changed by a subsequent order of court."

In *Shuff v. Fulte,* 344 Ill. App. 157, the court said (165):

"Past-due installments of alimony and support money are a vested right, and the court has no authority to modify them in any particular, either as to amount or time of payment."

In *Igney v. Igney,* 303 Ill. App. 563, the court said (571):

"The law is that past due alimony is a vested right and cannot be affected by subsequent modification of the decree."

Defendant knew that the child had to be supported by someone, whether in Illinois or in another State. He took no steps to modify the decree. The court erred in refusing to enter judgment for the accrued support money.

■ It was necessary for plaintiff to retain an attorney for the purpose of enforcing the decree. Therefore, she is entitled to her reasonable attorney's fees. See *Walters v. Walters,* 409 Ill. 298; *Slezak v. Slezak,* 293 Ill. App. 489.

The decree of the superior court of Cook county entered September 11, 1952, is reversed and the cause is remanded with directions to proceed in a manner consistent with the views expressed.

*Decree reversed and cause remanded with directions.*

NIEMEYER, P. J. and FRIEND, J., concur.