**Roy L. Trimble, Appellee, v. Helen R. Trimble, Appellant.**

**Gen. No. 47,240.**

First District, Second Division.
January 7, 1958.
Released for publication April 2, 1958.

Ronan and Cunningham, of Chicago, for appellant.

No briefs filed for appellee.

JUSTICE LEWE delivered the opinion of the court.

Plaintiff filed a petition praying for suspension of payments due defendant, respondent, under a divorce decree on the ground that respondent who had custody of the children, took them with her to a foreign state.

Respondent filed a counter-petition, stating that the removal was for the best interests of the children. The court ordered both petitions dismissed for want of equity. Respondent appeals. No brief was filed in this court in behalf of plaintiff-petitioner.

April 17, 1956, a decree of divorce was entered, awarding custody of the four children of the marriage to respondent and granting her the sum of $50 weekly for the support of each child and the sum of $137.50 monthly as permanent alimony.

December 7, 1956, petitioner, Roy Trimble, filed a petition alleging that on September 7, 1956, with neither the consent of petitioner or a court order, respondent sold the family home at Mount Prospect, Illinois and moved to California accompanied by three of her children; that petitioner has remarried and has a fit and proper home for the children; and that knowing the respondent "has no stability," he feels it is to the best interest of the children that petitioner have their custody.

The petition prays that the decree of divorce entered April 17, 1956, be modified by awarding to petitioner custody of all minor children; that all payments for alimony to respondent be stayed until further order of the court as of September 7, 1956; that the decree of divorce be modified, staying all payments for child

409

support; and that an order be entered against respondent to show cause why she should not be held in contempt for violating provisions in the divorce decree.

Respondent's counter-petition, alleged that petitioner remarried on the same day as the decree of divorce was entered and thereafter set up housekeeping with his new wife close to the home which had formerly been the residence of respondent; that he began a concerted effort to win back the affections of the children from the mother; that on the 23rd day of August petitioner began to fall behind in his payments; that respondent has a sister and brother-in-law in San Raphael, California who offered to provide such aid and assistance as they could if respondent moved her family to California; that she sold the home provided her by the decree of divorce and moved to California; that since this change of residence, there has been the utmost tranquility and domestic progress in the handling of the family; that one child, 10 years of age, who had been afflicted with an asthmatic condition while living in Mount Prospect, Illinois, is now completely healed; and that the school work of all children of school age has improved to a great extent during her stay in California. The counter-petition further alleges that since August 24, 1956, petitioner has not made a single payment of either alimony or support of the children and is at the present time more than $1,400 in arrears; and that the respondent truly believes that her change in domicile was for the best interests of the children. Respondent prays that the court dismiss plaintiff's petition and that he be ordered to show cause why he should not be held in contempt for failure to comply with the provisions of the divorce decree.

The record discloses that no testimony was heard. The cause was tried solely on the pleadings.

Respondent contends that removal of children by a spouse awarded their custody by divorce decree from

410

the state in which the decree was rendered to a foreign state is not a contemptuous act. Reliance is placed on Schmidt v. Schmidt, 346 Ill. App. 436, which involved the right of custody of a ten year old boy named Dale Schmidt. The mother, Pearl Schmidt, was awarded custody of their son. About five years after the entry of the divorce decree, she filed a petition, alleging among other things, that she contemplated marriage to a resident of New York. The father answered and later filed a counter-petition, asking that he be given full custody and control of their son. The court, after a hearing, found that as it was for the best interests of the child, that he continue to live with his mother, and that upon remarriage, she be permitted to take her son to New York.

In this court, the father urged that under the law of this state, regardless of the welfare of the child, the court has no right to permit a child to be removed from the state. Resolving this question contrary to the father's contention, the court said at page 443:

"In view of modern living conditions to say that as a fixed rule of law, without exception, the child may never be taken from the State out of the jurisdiction of the court seems harsh and absurd. It is especially true in this case where the court has retained jurisdiction in the matter and appellee has entered into a bond to carry out the terms of the decree. While this country is made up of a number of States, States are not considered as foreign lands. It is to be assumed that these parties who are all high grade people will carry out the decree of the court, and that the appellee will make no effort to keep the court from passing upon future questions of custody if the necessity arises for a change. To hold that the child may never be taken out of the State could in some instances lead to absurd consequences. For instance, a mother with a minor child might live in East

411

■■■■■■■■

St. Louis but be employed in St. Louis, a few miles across the river. To say that the court will never permit a child to be taken from the State out of the jurisdiction of the court would prevent her moving into St. Louis, although her financial condition and the welfare of the child might demand it."

In Wolfrum v. Wolfrum, 5 Ill.App.2d 471, also involving the custody of minor children, it appears that the court awarded the custody to the parents of Wolfrum, the father, who resided in Boston, Massachusetts, while plaintiff-father was serving in the United States Navy, and that upon the termination of his enlistment, he agreed to return to Illinois. There the mother contended that the court erred in permitting the children to be taken outside of this state, even for a limited period, because they and their custodians could not be reached by process of the Circuit Court of Montgomery county, and that she would be deprived of her substantial rights of visitation. The court *held* that the mother's contention was untenable and cited the case of Schmidt v. Schmidt, 346 Ill. App. 436, with approval. To the same effect, see June Vivian McDonald v. Clyde McDonald, 11 Ill.App.2d 240.

While there are some factual distinctions between this case and the cases last cited, the principle emerging from these cases removes any factual distinction among them. The courts have not hesitated to award the custody of children to a non-resident on a showing of circumstances which would better promote the welfare and interests of the children. All other considerations will be subordinate to the children's welfare. This principle has been fully sustained in 15 ALR2d 435.

It has been decided by this court in a number of cases that where the best interests of a minor child

412

are concerned, the child should be permitted to be taken outside of the state and the jurisdiction of the court.

■ In all of the cases referred to, however, the custodian sought the court's permission to remove the children from the jurisdiction. In the instant case respondent did not do so, but she should have done so, since the court and not the custodian is the lawful judge of what shall best serve the interest of the children. Also, the court is the only authority for changing provisions of the divorce decree. The mother is not free to carry children from the jurisdiction and thus deprive the father of visitorial rights. On the other hand, the husband and father is not to decide when and for what reason he shall discontinue alimony and support payments. This decision, if made, must be made by the court.

Petitioner has not appealed from the order dismissing his petition, but this court nevertheless has an obligation to give attention to the interest of the state in the case.

■ ■ Both parties have circumvented the court in wilful conduct. The solution, however, of the issues presented upon the petition and cross-petition is not in dismissing both proceedings. The chancellor should grant permission to take the children out of the state if he deems that to be for the best interests of the children and make such provisions as are reasonably necessary to protect the rights given the father in the decree of divorce. A disposition should also be made of the prayer for enforcement of the alimony and support provisions of the divorce decree. The wife and mother is entitled to the accrued alimony and support (Hurt v. Hurt, 351 Ill. App. 427) and its payment should be enforced.

413

■■■■■■■■■

For the reasons stated, the order dismissing the counter-petition of Helen R. Trimble for want of equity, is reversed and the cause remanded.

Reversed and remanded.

KILEY, P. J. and MURPHY, J., concur.