Hazel Snip, Plaintiff-Appellee, v. William John Snip,
Defendant-Appellant.

Gen. No. 48,522.

First District, First Division.

May 21, 1962.

Anagnost & Anagnost, of Chicago (Gerald M. Chapman, of counsel), for appellant.

Lawrence Jacobs, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant appeals from two orders entered April 19 and April 26, 1961 which, in combination, entered judgment against him for $14,100 in favor of plaintiff, his former wife, on the basis of a divorce decree which had been entered on June 26, 1933, requiring defendant to pay to plaintiff $15 weekly "for the maintenance of herself and her two minor children." The judgments were entered, after hearing, on petition and answer, but without the taking of evidence, and were based on $15 per week from decree to date of judgment, less credit for payments made.

In the original divorce proceedings defendant had been personally served with summons, but failed to

appear, and default was entered. Evidence was heard and decree was entered as outlined above.

Plaintiff's petition, filed December 14, 1960, alleges that defendant made payments in varying amounts, and with periodic omissions, until July 15, 1954, after which date no payments were made. This is conceded by defendant, but in his answer he raises alternative defenses against further payment.

First, defendant contends, in effect, that he and plaintiff had agreed, prior to the divorce, that he would pay $15 per week for child support and that she would waive alimony; that at the default divorce hearing plaintiff testified concerning this agreement, as appears from the transcript of evidence; that the words of the decree directing payments for maintenance *of herself* as well as of the children, were inserted by plaintiff in contravention of the agreement between the parties; that the decree should, therefore, be corrected to conform to the agreement; that plaintiff never having been entitled to any alimony, all payments made by defendant should, therefore, have been credited to child support; that the obligation to support the two children terminated as each reached majority; and that, on this basis, defendant is not in arrears as to any payments required of him by the decree.

In this position, defendant places reliance on the certificate of evidence which shows that plaintiff gave an affirmative answer to a question put to her by her attorney as follows:

> "Have you entered into a settlement of agreement with your husband ·whereby he is to pay you $15.00 per week for the support and maintenance of the two children, Laverne Elizabeth and Carol Ann until the court sees fit to enter an order after the signing of the decree?"

Assuming that this testimony did correctly state the agreement of the parties, it was only one of the matters which would properly be taken into consideration by the chancellor in the exercise of his discretion in the matter of family maintenance. As stated by this court in Cahill v. Cahill, 316 Ill App 324, at pages 331–332, 45 NE2d 69, "The court is not controlled by the private agreement of the parties respecting alimony and may adopt it or reject it, as seems consistent and proper from the situation of the parties as disclosed by the evidence. (Herrick v. Herrick, 319 Ill 146, . . . .)" Similar language descriptive of the court's discretion is to be found in the statute. (Ill Rev Stats, c 40, § 19.)

In further attempt to establish waiver of alimony, defendant contends that the inclusion of words in the decree contrary to the agreement of the parties, constituted a fraud which the court could rectify by treating defendant's answer to plaintiff's petition as a proceeding under Section 72 of the Practice Act (Ill Rev Stats, c 110, § 72). We consider defendant's allegations insufficient to establish fraud, but, in any event, the charge comes too late. It is true, as argued by defendant, that the two-year limitation of Section 72 is tolled during fraudulent concealment. The pleadings show, however, that defendant had knowledge of the terms of the decree at least as early as 1947, for in that year, pursuant to the alternate theory of the decree's requirements which he now advances, he discontinued all payment for child support, but continued paying $5 to plaintiff.

We shall, therefore, concern ourselves not with modification of the decree, but only with its interpretation and enforcement.

Defendant's alternate contention is that, since the decree did not divide the $15 payments among the wife and two children, the proper construction would

be to allocate $5 to each; that, by such an interpretation, the size of the payments would properly have been reduced by $5 as each of the two children reached majority, requiring payments of only $5 for weekly alimony thereafter.

■ The pleadings disclose no special circumstances which would extend defendant's obligation to support his children into their majority.* (Ill Rev Stats, c 23, § 112.) We conclude, therefore, that defendant's obligation to support his daughters, Laverne and Carol, terminated on November 15, 1938, and June 15, 1947, respectively, the dates of their eighteenth birthdays.

The problem remains, however, as to whether proper reading of the decree permits the dividing of the $15 obligation into three equal parts, and permits the automatic reduction of the payments (without application to the court) by the amounts allocable to child support as the girls became emancipated. The pleadings disclose that this is what happened. After Laverne became eighteen and was married, defendant reduced his payments to $10 per week until June 15, 1947 (Carol's majority), when he reduced them further to $5 per week and continued at that rate until July, 1954, when he claims to have made a final settlement of alimony.

We are aware of the proposition, urged upon us by plaintiff, that past-due alimony becomes vested, and that relief from an alimony decree can be obtained only prospectively, on application for modification based upon equitable circumstances. (Craig v. Craig, 163 Ill 176, 45 NE 153 and numerous cases since.) In the view we take of this decree, however, we do not consider those cases controlling.

The difficulty here arises from the unsatisfactory

---

* The factual circumstances of Strom v. Strom, 13 Ill App2d 354, 142 NE2d 172, or Maitzen v. Maitzen, 24 Ill App2d 32, 163 NE2d 840, are not present in the instant case.

practice (far too extensive, in our opinion) of lumping together alimony and child support in one amount. If the decree had provided for $5 weekly alimony and $5 weekly for the support of each child, we would not be inclined to sustain judgment for unpaid child support after the respective majorities of the daughters, under the circumstances presented in the case at bar, even though defendant had made no application for modification of the decree. In such hypothesis, we believe that the child-support requirements of the decree (though not the jurisdiction of the court) would be self-terminating in the absence of presentation to the court of special circumstances warranting continuance or renewal of the payments. Such presentation was not made by plaintiff, nor is it claimed that such circumstances existed.

Should the result be different as to the child support payments simply because they were included in one figure with the alimony? We think not. Consequently, defendant's obligation as to some unspecified part of the $15 figure terminated when the older daughter reached her majority, and as to an additional part when the younger daughter came of age. On the other hand, the remaining part of the $15 continued as alimony, not subject to change unless modified by the court, and not then, except for changed circumstances.

The decree gave no indication of the proportions of the three parts into which the $15 payments might properly be divided, but we find nothing inequitable in the division in equal thirds adopted by the parties through the fifteen, or so, years commencing with the majority of the elder daughter. We say it was adopted by the parties because defendant followed it in making his payments, and plaintiff made no move to upset the arrangement for a period of approximately twenty-one years. We now adopt it as

our determination of the proper allocation among the parties concerned.

While it is true, as argued by plaintiff, that defendant did not obtain court authority for reducing the payments as the children came of age, it is equally true that plaintiff did not apply to the court for an increase in alimony. Yet such an increase is precisely what would be accomplished by maintenance of $15 alimony payments as the child support portions were eliminated.

No Illinois opinion bearing directly on the question raised in the case at bar has come to our attention, though we consider the decision in Cahill v. Cahill, 316 Ill App 324, 45 NE2d 69, to be consistent with the conclusion we have reached. Cases from other jurisdictions have been cited by defendant, notably Zalka v. Zalka, 100 So2d 157 (Florida, 1958) in which allocation between alimony and child support (under a decree which had lumped them together) was directed retroactively as of the date of the child's majority rather than the date of the petition for allocation.

■ Defendant seeks some advantage from the 20-year statute of limitations which appears to be applicable to this decree. (Wadler v. Wadler, 325 Ill App 83, 93, 59 NE2d 505.) We fail to see how this helps him, however, since the accumulated arrearages prior to December 14, 1940 * were substantially less than the payments subsequently made by defendant. The pleadings present us with no reason why these payments would not properly have been applied first to the earliest delinquencies, thus eliminating any limitation question.

---

* The parties are in disagreement as to the exact amount unpaid at that date, twenty years prior to the filing of plaintiff's petition.

As indicated above, defendant further contends that by agreement with plaintiff he paid $1,000 to each of the children on July 15, 1954, and thereby settled all his obligations under the decree. Whether there was such an agreement, and, if so, the terms thereof, are matters in dispute which require the taking of evidence as a basis for findings of fact on remandment to the trial court. If that court were then to find that such agreement did exist, it would also be required to determine whether the agreement qualified as being sufficiently fair and equitable to justify recognition and enforcement by the court.

If the matter of the alleged agreement of 1954 (as to which we, of course, express no opinion) were not to dispose of the case, then further hearings in the trial court would be essential to determine the amounts, if any, due by defendant under the decree in conformity with the views expressed herein.

Reversed and remanded with directions.

MURPHY, P. J. and BURMAN, J., concur.