DOROTHY L. STECHER, Plaintiff-Appellee. *v.* ROLAND G. STECHER, Defendant-Appellant.

(No. 73-69;

Fifth District—December 27, 1973.

James J. Massa, of Collinsville, for appellant.

Joseph R. Bartylak, of Alton, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment of the circuit court of Madison County entered after hearing on petitions filed by both parties to modify the divorce decree in this case.

At the time of their divorce, Dorothy and Roland Stecher had two minor children, Mary and James. By stipulation, the children were placed in their mother's custody and their father agreed to pay $30 per week child support; in addition, their father agreed to help finance his children's "college education" by purchasing two $2500 endowment life insurance policies upon his life which would mature when Mary and James would be ready for college.

The child support payments were generally made until October 1969 when Mary turned 18 years of age. At that time, Roland Stecher, on his own initiative, ceased paying child support for the behalf of Mary, but continued to send $15.00 per week to his former wife to support James who was still a minor. In June, 1972, James graduated from high school and obtained work, whereupon Roland Stecher stopped sending child support payments altogether, though James was still a minor.

At the time of the filing of the petitions, Mary had been attending col-

lege for about two and one-half years. She had received a pro rata share of the $2500 college fund her father had promised to provide, although both endowment insurance policies had been previously cancelled. James, still a minor when this petition was filed, had neither shown an inclination to attend college nor received any of the $2500 stipulated for his college education.

The trial court found that Roland Stecher had a "continuing obligation" to support his children in their pursuit of higher education, even after they reached the age of legal majority. Specifically, the trial court ordered the respondent (1) to pay $15 per week in child support for Mary as it accrued from her eighteenth birthday so long as she continued her college education (though all child support payments accruing in the future were suspended until Roland Stecher acquired employment or another source of income from which to make such payments), and (2) to deposit $2500 in trust for the use of James in the event he would decide to pursue his education further.

Respondent-appellant contends (1) that he had no legal obligation to continue to pay weekly child support payments for his daughter who was attending college and no longer a minor, and (2) that the acts of his son have relieved him from providing the $2500 for the son's college education. Appellee contends that the trial court had jurisdiction to make its orders and therefore its orders should not be disturbed absent a showing of manifest injustice.

■■ The question of support obligations after a child reaches the age of legal majority has been framed in jurisdictional terms in Illinois. Prior to the 1967 amendments to sections 14 and 19 of the Divorce Act, without an agreement between the parents or evidence showing the child to be disabled, the courts had no jurisdiction to require support of an adult child unless a petition was filed during the child's minority to establish such support. (*Crane v. Crane,* 45 Ill.App.2d 316.) Sections 14 and 19 of the Divorce Act (Ill. Rev. Stat. 1967, ch. 40, pars. 14 and 19) have clarified the jurisdictional issue in regard to the support and education of an adult child by virtue of a divorce decree or modification thereof; clearly the courts do have jurisdiction to order support payments for the education of children, regardless of whether the children are minors or adults and regardless of whether the petition is filed before or after the attainment of majority. (*Elble v. Elble,* 100 Ill.App.2d 221, 241 N.E.2d 328; *Hight v. Hight,* 5 Ill.App.3d 991, 284 N.E.2d 679.) Thus, there is no doubt that the circuit court of Madison County had jurisdiction to entertain a petition for modification of a divorce decree that prayed for support money from the adult child's father so long as the child pursued her college education. However, the key to this case is not jurisdictional, but

is found in the stipulation of the parties which was merged into the original divorce decree.

■■■ The stipulation reveals that Roland Stecher agreed to pay child support only during the minority of his children. The obligation to pay support and to provide a college fund were independent of each other. Thus, within the context of the stipulation, appellants legal obligation to support Mary ceased on her eighteenth birthday. Of course, the stipulation did not deprive the courts of jurisdiction and power to modify the original decree to require appellant to render further support for Mary as long as she pursued her education if a petition was filed. But, the fact that Mary was attending college could not, by itself, extend appellant's obligation beyond Mary's eighteenth birthday; a modification of the original decree was needed to renew appellant's obligation to support. Consequently, no support money accrued or became vested between the date of Mary's eighteenth birthday and the date the modification petition was filed. Whether or not the trial court should now grant the petition to modify the decree so as to provide for the support of Mary while she is attending college is a question for the trial court to decide. In the event it does grant the petition to modify, whether appellant should pay support for Mary from the date the modification was filed or whether the support should commence at a later date is also a question for the trial court to now decide.

The 1962 stipulation required Roland Stecher to "acquire endowment life insurance policies on his life, one of which shall be payable for the benefit of each of the minor children of the parties, which said policies shall mature at the time that said children shall be ready for their college education, and which sums shall be made available by the defendant for the said education of said children in the sum of $2500 each * * *." Accordingly, on evidence that Roland Stecher had cancelled these policies, the court ordered in the 1972 modification that he "deposit the sum of $2500.00 * * * in a federally insured savings and loan or banking institution * * * in trust for the use of James * * * until the further Order of this court." Roland Stecher wishes to be relieved from this burden because his son has shown no inclination to attend college. Dorothy Stecher petitioned for this fund in case James would decide to pursue a college education or technical training.

■■ James Stecher turned eighteen years old about the time the circuit court issued its 1972 modification order. There is no limit on the duration of Roland Stecher's agreed obligation to provide a $2500 college fund for each of his children. We can find no abuse of discretion by the court below in deferring the decision of relieving Roland Stecher from his promise

to provide a $2500 educational fund for James until a later date. We note that the court below has continuing jurisdiction over this matter.

That portion of the judgment of the trial court entering judgment in favor of the plaintiff and against the defendant in the sum of $1635 for back support of his daughter, Mary, and ordering defendant to pay $15 per week in child support for Mary as it accrued from her eighteenth birthday so long as she continued her college education is reversed. That portion of the judgment ordering the defendant to deposit $2500 in trust for the use of James in the event he should decide to pursue his education further is affirmed. The rest of the judgment of the trial court is affirmed. This case is remanded to the circuit court of Madison County for further action consistent with this opinion.

Affirmed in part, reversed in part and remanded.

EBERSPACHER and CREBS, JJ., concur.