KEITH BALDWIN, Plaintiff-Appellee, *v.* CAROL BALDWIN, n/k/a CAROL DAVIS, Defendant-Appellant.

(No. 74-32; Reversed and remanded.)

—August 13, 1974.

Joel Deutsch, of Sidney Deutsch, of Rock Island, for appellant.

John Westensee, of Braud, Warner & Neppl, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the Circuit Court of Rock Island County. Defendant-appellant Carol Baldwin (now known as Carol Davis), hereinafter referred to as appellant, filed a petition for rule to show cause for the enforcement of arrearage of back child-support payments pursuant to a decree of divorce. In her petition she prayed for an order of court finding the plaintiff, Keith Baldwin, in arrears for child support in the amount of $3,790 and for a contempt of court citation against him. The plaintiff-appellee, Keith Baldwin, hereinafter referred to as appellee, filed an answer to this petition.

The trial court denied appellant's petition for accumulated unpaid child support.

The issues presented for review are (1) whether after a divorce the court may cancel and deny past-due and accrued child-support payments granted pursuant to a decree of divorce, (2) whether the "husband" may be relieved of his obligation to pay past-due support payments for his child on the doctrines of waiver and equitable estoppel, and (3) whether the "wife" should be barred by the doctrine of laches from proceeding against her former husband for child support.

In this case the appellee, Keith Baldwin, obtained a divorce from the appellant on May 6, 1960. The decree of divorce provided among other things that the plaintiff should pay child support in the amount of $12 per week and gave custody to the appellant.

In December 14, 1973, the appellant filed a verified petition for rule to show cause stating that plaintiff had not made child-support payments as provided by the decree and that child support arrearage was in the amount of $3,790.

On December 21, 1973, the appellant argued her rule to show cause before the court pro se. The court after hearing testimony from the appellant on the petition for rule to show cause both through her direct testimony and on cross examination by appellee's attorney entered an order which discharged appellant's rule to show cause.

■■ As to the first issue as to whether or not the court may cancel and deny past-due child-support payments granted pursuant to a decree of divorce, it is a well settled rule in Illinois that past-due installments of support money are a vested right and these past-due installments are not subject to modification either as to amount or time of payment. *Gregory v. Gregory*, 52 Ill.App.2d 262, 202 N.E.2d 139; *Lewis v. Lewis*, 120 Ill.App.2d 263, 256 N.E.2d 660; *Stark v. Stark*, 131 Ill.App.2d 995, 269 N.E.2d 107.

■■ Regarding the second issue presented for review, whether the husband may be relieved of his obligation to pay past-due support payments to his child on the doctrines of waiver and equitable estoppel, in this case there is no evidence presented to the court of any waiver of child support by the appellant, nor is there any evidence that the appellee relied upon any agreement or waiver which would give rise to equitable estoppel. The law is well settled that the party claiming estoppel must have relied upon the acts or representations of another. See *Dill v. Widman*, 413 Ill. 448, 109 N.E.2d 765.

■■ The third issue raised, to the effect that the back support payments are barred by the doctrine of laches, is not controlling in this case. In the case of *Gill v. Gill*, 8 Ill.App.3d 625, 290 N.E.2d 897, the court specifically sets out the requirement necessary in order to set up a defense of laches to back support payments. Therein the court set out a four-part test for the application of laches which included among other things injury or prejudice to the defendant in the event relief is accorded to a complainant or the suit is held not to be barred. In this case, as similar to the case of *Atwater v. Atwater*, 18 Ill.App.3d 202, 309 N.E.2d 632, there is no factual evidence to show prejudice or injury to the appellee as he is merely being asked to pay what he has owed for a number of years and there is no factual showing of prejudice or injury to him.

■■ In this case there was no showing of any agreement to waive child support, there was no showing of any reliance of the appellee on the fact that child support would be waived, there was no showing that there is any prejudice to the appellee by his being required to pay the back child support, and therefore there can be no modification or rejection of back child support claims by the court. If indeed child-support arrearage could be defeated merely by the passage of time, it would put a greater burden on those people awarded child support to make every

effort to pursue and in some cases harass the person obligated to pay the child support in order to protect their claim, and would reward those obligated to pay child support who are able to avoid payment of the same either by mere refusal or secreting themselves from the claimant.

Due to the fact that there is no substantial evidence in the record to arrive at a figure of back child support due, we reverse the order of the trial court which denied appellant's request for back child support and remand this cause to the trial court for a further determination of the amount of back child support due to the appellant.

Reversed and remanded with directions.

ALLOY and STOUDER, JJ., concur.