MILDRED Voss, Plaintiff-Appellant, *v.* DELBERT Voss, Defendant-Appellee.

(No. 74-128;

Third District—November 12, 1974.

William M. Walker, of Coryn and Walker, of Rock Island, for appellant.

Robert W. Brinn, of Brinn and Bailey, of Rock Island, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Rock Island County entered in a proceeding initiated by petition for rule to show cause why defendant Delbert Voss should not be held in contempt for failure to make payments of child support as provided by a decree entered in a divorce proceeding between the parties.

The parties to this cause, Mildred Voss and Delbert Voss, were divorced on May 11, 1964. The decree provided at that time that Mildred Voss was to have custody of the children and that Delbert Voss was to pay to Mildred, for the support of the minor children, the sum of $75 per week. The decree also provided that the child-support payments should not be automatically reduced when any of the children attained legal age but rather that the reduction should occur only after a consideration and determination of the needs of the children and the income of defendant Delbert. The support decree was later modified to reduce the amount of payments to $50 weekly. Thereafter, on June 28, 1972, Mildred Voss, who had since remarried, moved to Detroit, Michigan, with her new husband, who was transferred in an occupational relocation. One child, a 17-year-old son, went to Michigan with Mildred Voss, and the other, a 19-year-old son, remained in Illinois where he lived alone and was largely self-supporting. No permission of the court, as provided by section 13 of "An Act * * * in relation to divorce" (Ill. Rev. Stat. 1971, ch. 40, par. 14), was obtained when the younger child was taken from Illinois to another jurisdiction.

Defendant Delbert Voss made his last child-support payment on July 18, 1972. On September 7, 1973, plaintiff Mildred Voss filed a petition for rule to show cause why the defendant should not be held in contempt for a failure to make the 60 past-due payments as required by the modified decree. On September 13, 1973, defendant filed a cross-petition for a rule to show cause why plaintiff should not be held in contempt for

failure to obtain court permission, as required by statute, before taking the minor child out of the jurisdiction. On the same date, defendant also filed a petition to modify the divorce decree whereby he sought to have the child remaining in Illinois declared emancipated and, also, to have the court reconsider the amount of support to which plaintiff was entitled. Also, on the same date, plaintiff Mildred Voss sought judicial permission to remove the minor from the jurisdiction in Illinois and maintain him in Michigan.

The plaintiff and defendant were the only witnesses at the trial. The judge, sitting without a jury, found the plaintiff in contempt of court; found the older child emancipated; reduced future child-support payments from $50 to $25 weekly, and further stated that the defendant was under no legal obligation to pay any of the $3,000 past-due support payments which accrued unpaid through the date when defendant filed for reconsideration of the support amount. The final decree, however, provided for a payment of $1,500. Plaintiff appeals from all orders entered by the court.

As noted, the case involves two distinct sets of support payments. One set includes those payments which became due prior to the filing on September 13, 1973, of the petition to reconsider the amount of payments. The other set involves those payments which came due and will continue in the future to become due from September 13, 1973, until terminated by law.

■■ The decree providing for support of minor children is a continuing one. (*Wilson v. Wilson*, 122 Ill.App.2d 142 (1973).) A party who is to provide support payments is to continue to do so until the child reaches the age of majority (*Rife v. Rife*, 272 Ill.App. 404), or until a court of competent jurisdiction orders the payment or amount thereof terminated or reduced. A party directed to pay, cannot modify support payments unilaterally and it is not for him to determine when or for what reasons he shall stop payments. (*Trimble v. Trimble*, 16 Ill.App.2d 408, 413.) Additionally, past-due payments for child support are a vested right and the court has no authority to modify such payments either as to amount or the time of payment. (See *Wilson v. Wilson*, 122 Ill.App.2d 142; *Hurt v. Hurt*, 351 Ill.App. 427, 115 N.E.2d 638.) As the courts have indicated, where a parent, who is required to pay for child support, feels he is required to pay more than he should pay due to emancipation of one of the children so supported, he may reduce the amount only upon an order of court.

■■ It is thus apparent that any payments which accrued prior to the filing of the petition to reconsider the amount of support payments are vested in the parent who has custody of the child or children, and,

normally, cannot be divested retroactively by order of court. Payments, however, which accrue after the date of the filing of the petition to reconsider are not vested. On the basis of the precedents referred to, the plaintiff is entitled, therefore, to a weekly payment of $50 until September 13, 1973, the date upon which the petition to reconsider was filed. That amount was an admitted sum of $3,000. The trial court, apparently acting on a suggestion of a sum to be agreed upon by the parties, stated that the amount of $1,500 for the child remaining in Illinois was no longer necessary in view of his emancipation. The trial court also observed that it would not require the defendant to pay anything for the child in Michigan, since that child was taken from the jurisdiction without prior court approval. While it is not clear from the record or the briefs why the final order provides for the payment of $1,500, or even to which child it applies, we must observe that the reduction of the $3,000 arrearage, in any amount, was not proper since that amount was vested. Insofar as the question of payment for the child taken from the jurisdiction without permission of the court is concerned, residence in another state is not to be considered as to past-due support payments. (See *Hurt v. Hurt,* 351 Ill.App. 427, 115 N.E.2d 638 (1953).) In the *Hurt* case, as is true in the cause before us, the child was taken from the State without court approval and with the apparent knowledge of the father. The court held that such action did not affect the obligation of the father to provide support. The court in that case reasoned that the duty of support comes from the blood relationship between father and child, and, as such, should remain unaffected by the improper actions of either parent.

As to support payments accruing after September 13, 1973, a different situation exists. As we have stated, such payments are not vested. Under section 18 of "An Act * * * in relation to divorce" (Ill. Rev. Stat. 1973, ch. 40, par. 19), the party directed to pay in the decree should petition the court to reduce the amount of payments. Normally, such payments cease when the child attains his or her majority. In order to prevent automatic termination of payments, the divorce decree in the instant case was phrased in a manner which indicated that the support was for the children as a whole and not necessarily to be shared pro rata. The decree provided specifically that the payments were not to terminate automatically when a child comes of age, but were to be reduced after the court weighed the needs of the children as against the income of the defendant. Plaintiff seeks to construe this provision to apply to reductions due to emancipation, rather than age alone. Even if this were so, the failure of defendant to provide detailed evidence as to the needs of the child as justifying the decrease does not require a reversal on this issue. It should be noted that the plaintiff does not challenge the finding

of emancipation and apparently agrees that emancipation obviates the duty of the parent to provide further support. Plaintiff claims, rather, that the order is in error for its failure to meet the requirements for support payment reductions as provided in the divorce decree. To the extent that the contention involved the failure to provide detailed evidence as to the needs of the children, it is clear that the error is harmless since the trial judge could hardly be unaware of the rising costs of providing support for a family. In considering the income of defendant, the fact that one child was no longer in need of support, and in view of the subsequent remarriage of plaintiff, we cannot now say that the reduction of the future support payments was in error or against the manifest weight of the evidence. *Smith v. Smith,* 36 Ill.App.2d 55.

■■ Plaintiff also challenges the propriety of the contempt citation against her. While this issue may be moot in view of the fact that no sanction was imposed, we agree that the finding of contempt was improper in this case. Before a person could be held in contempt for conduct such as involved in the cause before us, the action of that party must have clearly arisen from an attempt to show willful defiance of a rule of law. (*Hughson v. People,* 91 Ill.App. 396.) Plaintiff testified at the hearing that she was unaware of the statutory requirement or the procedure for obtaining consent when taking the minor from the State. Nothing was specifically provided in the decree as to this contingency. We conclude, therefore, that to find plaintiff in contempt for an unintentional violation of the statute would seem to be contrary to the purpose of this procedure which was designed to punish for a willful defiance of a rule of law or provisions of a decree known to the party charged. While normally the matter of contempt is left to the discretion of the trial court, we do not believe the citation in the present case was justified under the record before us. The trial court also made no express finding on plaintiff's petition for a rule to show cause why defendant should not be held in contempt for withholding support payments. The court may have rejected this request. If so, we would affirm such rejection. The record, however, shows no action on it, nor does it show any action on the request for payment of costs and attorney's fees as requested by appellant.

For the reasons stated, we have concluded that the portion of the order reducing the support payments for the period following September 13, 1973, as ordered by the trial court, should be affirmed. We have also concluded that the order of the trial court finding plaintiff in contempt should be reversed and that also any portion of the order entered in this cause reducing the obligation as to support payments which accrued prior to September 13, 1973, should likewise be reversed. The order of the

Circuit Court of Rock Island County is, therefore, affirmed as to the portion of the order reducing support payments accruing after September 13, 1973, but that portion of the order finding plaintiff in contempt is reversed as well as the portion of the order entered in this cause reducing the obligation as to support payments which accrued prior to September 13, 1973. This cause is, therefore, remanded to the trial court with directions to enter orders consistent with the views expressed in this opinion.

Affirmed in part and reversed in part and remanded.

STOUDER and DIXON, JJ., concur.