STANLEY B. ESCOTT, Plaintiff-Counterdefendant-Appellant, *v.* MARCIA D. ESCOTT, Defendant-Counterplaintiff-Appellee.

(No. 12563;

Fourth District—March 27, 1975.

Jerome Mirza and Associates, Ltd., of Bloomington, for appellant.

Hayes and Flynn, of Bloomington (George R. Flynn, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

The husband and wife were divorced pursuant to a decree filed October 25, 1972. They had two children, ages 10 and 14 years. The divorce decree incorporated the child-custody and child-support agreement of the parties. The wife was given custody of the children for the school year with visitation rights for the husband. The husband was given custody of the children for a period of 2 months during the summer with visitation rights for the wife. The child-support provision of the divorce decree stated that the husband "shall pay child support of $300 per month beginning by November 15, 1972, and by the 15th of each month thereafter  *  *  *." The husband paid all of his monthly child-support installments except those for the months of June and July of 1973. The husband had custody of the children for those 2 months.

In the wife's action filed against the husband for recovery of the child-support arrearage, the husband defended by arguing that he had had custody of the children for the 2 months for which he did not make payments, that he had incurred expenses on behalf of the children approximately equaling the amount of the unpaid installments, that the wife's expenses for the children had decreased by about that same amount in their absence, and that, therefore, he should not be required to pay child support for the months of June and July. Additionally, the husband filed a motion to modify the child-support provision of the divorce decree based upon the reasoning just stated.

The court found the husband to be $600 in arrears in child-support payments and held the husband in contempt of court. The court also denied the husband's motion to modify the child-support provision. The husband appeals from these rulings.

The husband did not object to the propriety of the June and July child-support installments before they became due. He simply failed to make those two payments. The husband is obligated to pay the installments for June and July, and there is no legal remedy which would permit him to avoid this obligation. Past-due installments of child support are vested rights and cannot be modified by a court (*Strum v. Strum*, 22 Ill.App.3d 147, 317 N.E.2d 59). The husband's only legal remedy would

have been to have sought modification of the support order prior to the due dates of the opposed installments (*Strum*).

■■ However, as an exception to the general rule that past-due child-support installments become vested rights which cannot be modified, equity will sometimes intervene to assist the spouse who has failed to make child-support payments. The husband relies upon *Bramson v. Bramson*, 17 Ill.App.2d 87, 149 N.E.2d 399, and *Earles v. Earles*, 343 Ill. App. 447, 99 N.E.2d 359, to support his alternate contention that he is entitled to an equitable credit toward his child-support obligation for the expenses which he incurs on behalf of the children when they are in his custody in June and July. Equitable credits toward child-support obligations were allowed under the unusual facts of both *Bramson* and *Earles* for the periods of time when the children were not in the actual custody of the wives who had been given custody. In *Strum v. Strum*, 22 Ill.App.3d 147, 317 N.E.2d 59, the wife was given custody of the children, and the husband was required to make child-support payments. The 16-year-old daughter left the custody of the wife in order to reside with the husband. The wife either consented to, or acquiesced in, the daughter's change of residence. This court held that the wife was equitably estopped from seeking child-support payments for the daughter who had gone to live with the husband.

An important fact distinguishes *Bramson, Earles,* and *Strum* from the instant case. In those cases, the custody of the children had been given to the wives, and the parties did not forsee, much less agree in advance, that the children would live outside the homes of the wives. Here, the parties agreed that the children would reside with the husband for 2 months during the summer. The child-custody and child-support agreement was clear on its face. The wife would have custody for 10 months, and the husband would have custody for 2 months. The husband was to make monthly child-support payments, and no exceptions were provided. The husband is not entitled to an equitable credit because the agreement of the parties provides to the contrary. Furthermore, the wife testified that her expenses for the children did not decline in their temporary absence from her home because she still had to make payments on the mortgage, other loans, maintenance of the house, summer clothing for the children, and so on.

■■ The court denied the husband's motion to modify the child-support provision of the divorce decree. Modification of a divorce decree will be granted only when the proponent establishes that a substantial change in the circumstances of the parties has rendered modification necessary (*Gregory v. Gregory*, 52 Ill.App.2d 262, 202 N.E.2d 139). This rule has been followed where, as here, the issue involved the modification

of a child-suport provision which had resulted from an agreement of the parties (*Neeland v. Neeland*, 17 Ill.App.3d 803, 308 N.E.2d 651). In order to succeed in the instant case, the husband was required to prove a substantial change in the circumstances of the parties. However, his only contention was that he should not be required to make child-support payments for the months during which the children reside with him. This contention must fail, for it does not attempt to establish that the circumstances of the parties had changed.

■■ Finally, the husband also assigns as error the court's refusal to allow the husband's attorney to testify regarding the negotiations which led to the child-custody and child-support agreement between the parties. The offer of proof showed that the attorney would have testified that he did not recall that the subject of child-support payments for the summer months had, or had not, been raised during the negotiations. The child-custody and child-support agreement was clear and complete on its face. All preliminary negotiations merge into the written agreement, and the presumption is that the parties included every material term (Cleary, Handbook of Illinois Evidence § 16.1 (2d ed. 1963)). Moreover, the offer of proof indicates that the substance of the attorney's testimony would not have changed the result. The court's refusal to allow this testimony was proper.

The court acted properly in holding the husband in contempt of court for failing to make the child-support payments for June and July of 1973, in denying the husband's request for an equitable credit toward his child-support obligation, in denying the husband's motion for a modification of the child-support provision of the divorce decree, and in refusing to allow the husband's attorney to testify. The judgment of the trial court is, therefore, affirmed.

Affirmed.

SIMKINS, P. J., and CRAVEN, J., concur.