RUTH H. DOTY, Plaintiff-Appellee, *v.* VIRGIL A. DOTY, Defendant-Appellant.

Fifth District   No. 76-222

Opinion filed January 10, 1977.

Stephen Davis, of Charleston, for appellant.

John Yantis, of Shelbyville, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendant appeals from that portion of a judgment of the Shelby County Circuit Court ordering him to pay $7,556.50 arrearage in child support, and also from that portion ordering him to continue paying support for a child who has reached the age of majority.

The issues raised in this appeal are whether support payments can be automatically reduced when children reach the age of majority; whether

a suit for back child support payments is barred by laches; and whether the circuit court had jurisdiction to order support payments to be made to a child who has reached majority.

On July 6, 1961, the circuit court of Shelby County, entered a decree of divorce by default in favor of the plaintiff, Ruth Doty, and against the defendant, Virgil A. Doty. In the decree the defendant was ordered to pay $40 per week for the support of the four children until the further order of the court.

A petition for rule to show cause was filed on January 2, 1976, by the plaintiff, based on the defendant's failure to pay the full $40 per week child support payments as required by the divorce decree. The trial court entered judgment against the defendant in the amount of $7,556.50 for back child support and also ordered him to continue paying the sum of $40 per week for the support of the youngest child until he reached the age of 21, even though he had reached the age of majority (18) in September of 1975 and even though no petition had been filed requesting that the defendant be ordered to pay support past his majority.

In 1966 when defendant's oldest daughter reached the age of majority, he reduced the weekly payments to $35, explaining to the court that because he was at that time slightly in arrears he only reduced it by $5 until he was paid up. As each child reached the age of majority Doty further reduced the payments until September 30, 1975, when all children were of age and he terminated all payments. Doty stated that the $40 payments were to his understanding $10 per child; therefore when a child came of age, he was no longer obligated on that portion of the payment. He also testified that several times over the past five years he had been asked by the plaintiff to bring the payments up to date.

Appellant cites *Snip v. Snip*, 35 Ill. App. 2d 427, 183 N.E.2d 175, as authority for the proposition that child support payments are self terminating when a child reaches the age of majority. That court had before it a case where the decree provided $15 per week payments for the wife and two children. After receiving payments in varying amounts and with periodic omissions, the wife filed a petition to recover the arrearage. The court stated that if the decree had provided for separate amounts going to alimony and child support, it would not have sustained a judgment for unpaid child support after the children attained the age of majority. The court held that the results would not be different just because the decree ordered a lump sum payment without indicating what portion was alimony and what child support.

■■ However, later cases have not followed the rationale of *Snip*. In *Storm v. Storm*, 9 Ill. App. 3d 1071, 293 N.E.2d 633, the same court that wrote the *Snip* opinion held that child support payments cannot be reduced pro rata automatically as each child reached majority. "It was up

to the defendant to seek modification before the right to child support became vested." (9 Ill. App. 3d 1071, 1074.) A party directed to pay cannot modify support payments unilaterally and it is not for him to determine when or for what reasons he shall stop payments. *Voss v. Voss*, 23 Ill. App. 3d 312, 319 N.E.2d 72; *Trimble v. Trimble*, 16 Ill. App. 2d 408, 148 N.E.2d 612.

Past due installments of child support are vested rights and cannot be modified by a court. *Strum v. Strum*, 22 Ill. App. 3d 147, 317 N.E.2d 59; *Escott v. Escott*, 26 Ill. App. 3d 417, 325 N.E.2d 395.

Appellant also cites *Ditmar v. Ditmar* (1956), 48 Wash.2d 373, 293 P.2d 759, as support for the *Snip* holding. However, the overwhelming weight of authority is otherwise. *Taylor v. Taylor* (1961), 147 Colo. 140, 362 P.2d 1027; *Delevett v. Delevett* (1968), 156 Conn. 1, 238 A.2d 402; *In re Application of Miller* (1941), 139 Neb. 242, 297 N.W. 91; *Cooper v. Matheny* (1960), 220 Ore. 390, 349 P.2d 812.

■■ Appellant also argues that plaintiff-appellee's claim is barred by laches. In *Baldwin v. Baldwin*, 21 Ill. App. 3d 380, 315 N.E.2d 649, the court said:

> "The third issue raised, to the effect that the back support payments are barred by the doctrine of laches, is not controlling in this case. In the case of *Gill v. Gill*, 8 Ill. App. 3d 625, 290 N.E.2d 897, the court specifically sets out the requirement necessary in order to set up a defense of laches to back support payments. Therein the court set out a four-part test for the application of laches which included among other things injury or prejudice to the defendant in the event relief is accorded to a complainant or the suit is held not to be barred. In this case, as similar to the case of *Atwater v. Atwater*, 18 Ill. App. 3d 202, 309 N.E.2d 632, there is no factual evidence to show prejudice or injury to the appellee as he is merely being asked to pay what he has owed for a number of years and there is no factual showing of prejudice or injury to him." 21 Ill. App. 3d 380, 382.

The order of the circuit court also included as relief the payment by appellant of $40 a week until his youngest child reaches the age of 21 years. The petition for rule to show cause asked only for attorney's fees and back support payments up until September 23, 1975, the date his youngest child reached the age of 18 years.

■■ The circuit court did not have jurisdiction to grant support payments beyond the minority of the youngest child, absent a petition asking for it. (*Stecher v. Stecher*, 16 Ill. App. 3d 297, 306 N.E.2d 86.) Thus that portion of the order compelling the defendant to pay support for the youngest child from September 23, 1975, until September 23, 1978, must be reversed.

■■ For the foregoing reasons that portion of the judgment of the trial court finding the defendant in arrears in child support in the amount of $7,556.50 is affirmed; that portion of the order compelling the defendant to make payments past the age of majority of Lynn Kyle Doty is reversed.

Affirmed in part and reversed in part.

JONES, J., concurs.

Mr. PRESIDING JUSTICE KARNS, dissenting:

I would interpret the original divorce decree to award $10.00 per week support for each child. I find the reasoning of *Snip v. Snip*, 35 Ill. App. 2d 427, 183 N.E.2d 175 (1st Dist. 1962), persuasive; therefore, the defendant was entitled to terminate the $10 support payment when each child attained his or her majority. Admittedly, $10 weekly is an inadequate amount to support a minor child at this time; however, no petition to modify was ever filed by plaintiff, and defendant has paid over the years the sum of $22,003.50 from a total claimed due of $29,560, according to the majority's calculation.