PETER C. McADAMS, Plaintiff-Appellee, *v.* JANICE J. (McADAMS) SCULLIN, Defendant-Appellant.

Fifth District   No. 77-136

Opinion filed October 7, 1977.

Hoagland, Maucker, Bernard & Almeter, of Alton (James K. Almeter and Al Pranaitis, of counsel), for appellant.

Smith, Allen, Larson & Stalker, of East Alton (David K. Stalker and Rod Pitts, of counsel), for appellee.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

Defendant-appellant, Janice J. Scullin, formerly married to Peter C. McAdams, plaintiff-appellee, filed a "Motion for Judgment" for the enforcement of arrearage of back child support payments pursuant to the decree of divorce. The divorce decree was entered on September 11, 1969, and incorporated the child custody and child support agreement of the parties. The decree for divorce stated:

"That the care and custody of the child of the parties, namely, JOHN CLARK ADAMS, born October 24, 1966, is awarded to the defendant, JANICE J. McADAMS, subject to rights of visitation upon the part of the plaintiff, PETER C. McADAMS, and the defendant is permitted to take said child outside of the State of Illinois to reside with her, and the plaintiff, regardless of defendant's place of residence, shall have the privilege of having such child with him during two (2) months of each summer, provided, that he shall pay the cost of the child's transportation for such two (2) month visitation period, all in accordance with the terms of the said agreement entered into between the parties on August 30, 1969; * * *."

The child custody agreement which was incorporated into the decree of divorce stated:

## "CUSTODY AND VISITATION

Wife shall have the care, custody and control of the child of the parties, hereinabove named, subject to reasonable rights of visitation upon the part of husband. It is expressly contemplated by the parties that the wife may seek employment outside the State of Illinois and may take said minor child outside of Illinois to reside with her in such event. Husband shall, regardless of wife's place of residence, have privilege of having said child with him during (2) months of each summer. Husband shall pay the cost of the child's transportation for such two (2) month visitation period.

## CHILD SUPPORT

The husband shall pay to the wife, as and for child support, the sum of ONE HUNDRED THIRTY DOLLARS ($130.00) per month, plus medical and hospital bills reasonably incurred on behalf of the minor child of the parties, until said child complete his pre-college education. * * *"

After a hearing, in which the only issue was whether appellee owed the $130 per month for the two months in each year in which he had custody of the child from 1970 to 1976, the trial court denied appellant's motion for child support payments for the previous summer support months, but ordered "[t]hat the monthly child support payments will be due and payable the summer periods from this date on." The court's order was based on a finding that the appellant had waived payments during a 1970 telephone conversation in which she "[a]greed with plaintiff that he need not make the payments during said visitation periods."

The only issue appellant raises in this appeal is whether the trial court erred in failing to order appellee to pay past due child support for the summer months during which the child resided with his father, the appellee. Appellee contends that the appellant is estopped from asserting her right to said support payments, or in the alternative, that the parties had entered into a modification of the divorce decree in which summer support payments were waived. The alleged modification of the decree resulted due to the following: in 1970, appellant waived the summer support payments in exchange for appellee's forbearance in filing a contempt proceeding sometime after 1974 for having custody of the child in Massachusetts when she was not employed.

■■ Past-due installments of child support payments are vested rights and cannot be modified by a court. (*Escott v. Escott* (1975), 26 Ill. App. 3d 417, 325 N.E.2d 395; *Baldwin v. Baldwin* (1974), 21 Ill. App. 3d 380, 315 N.E.2d 649; *Lewis v. Lewis* (1970), 120 Ill. App. 2d 263, 256

N.E.2d 660; *Johnson v. Johnson* (1975), 26 Ill. App. 3d 64, 324 N.E.2d 450; *Ellingwood v. Ellingwood* (1975), 25 Ill. App. 3d 587, 323 N.E.2d 571; *Doty v. Doty* (1977), 45 Ill. App. 3d 213, 359 N.E.2d 784.) However, an exception to the general rule that past-due child support installments become vested rights which cannot be modified, is that, equity will sometimes intervene to assist the spouse who has failed to make child support payments. (*Escott v. Escott* (1975), 26 Ill. App. 3d 417, 325 N.E.2d 395.) Equitable estoppel may be defined as the effect of the voluntary conduct of a party whereby he (or she) is precluded from asserting rights which might otherwise have existed as against another person who has, in good faith, *relied upon such conduct thereby to change his position for the worse* and who on his part acquires some corresponding rights. (*Johnson v. Johnson* (1975), 26 Ill. App. 3d 64, 324 N.E.2d 450.) The law is well settled that the party claiming estoppel must have relied upon the acts or representations of another. (*Baldwin v. Baldwin* (1974), 21 Ill. App. 3d 380, 315 N.E.2d 649.) In the case before us, there is no evidence that appellee changed his position for the worse due to appellant's 1970 statement that appellee need not make summer support payments. In fact, his change of position was not one for the worse and, to the contrary, could be considered to have inured in his benefit for a period of seven years. (See *Johnson v. Johnson* (1975), 26 Ill. App. 3d 64, 324 N.E.2d 450.) Appellee replies that his forbearance in not filing a petition to cite appellant for contempt for her failure to seek employment while having custody of the child in Massachusetts was a detriment to him.[1] However, there was no evidence that appellee forbore filing a petition for citation of contempt in reliance on appellant's promise to waive summer support payments. This contention was raised in argument of counsel after all the evidence was presented and with no evidence on which to make said argument. The thrust of appellee's testimony was that he had the child for the summer months; therefore, he should not have to pay child support during those months.

In *Escott v. Escott* (1975), 26 Ill. App. 3d 417, 325 N.E.2d 395, a case remarkably similar to the case before us, the husband was given custody of the children for a period of two months during the summer. The child support provision of the divorce decree stated that the husband "shall pay child support of $300.00 per month." The husband paid his monthly child support except for the two months in which the husband had custody of the child. In the mother's action against the father for recovery of the child support arrearage, the father defended that he had incurred, in the months he had custody, expenses on behalf of the child approximately equal to the amount of the unpaid installments and that the mother's

---

[1] Even if appellee's contention were correct, he would still be liable for the five years in which Mrs. Scullin was employed while having custody of the child in Massachusetts.

expenses were diminished by that amount during those months; therefore, he should not be required to pay support for the months the children were with him. The *Escott* court rejected the father's contention. The court ruled that past-due installments of child support are vested rights and cannot be modified by the court and that the father is not entitled to equitable credit because the agreement of the parties provided to the contrary. The *Escott* court went on to say that the father's only legal remedy would have been to have sought modification of the support order prior to the due dates of the opposed installments.

■■ In the case before us, the custody provision of the divorce decree stated that the child support was to be paid per month. (See *Escott v. Escott* (1975), 26 Ill. App. 3d 417, 325 N.E.2d 395.) Further, appellee never alleged that he expended funds equal to the unpaid installments or that the appellant's expenses were reduced by that amount while the child was in his custody. We conclude as did the *Escott* court that the past-due child support installments were vested rights and that the appellee is not entitled to equitable credit. If appellee felt that he should not have to provide child support payments during the summer months in which he had custody of their child, his remedy was to have sought modification *by the court* of the support order *prior* to the due date of the opposed installments.

Appellee relies on *Strum v. Strum* (1974), 22 Ill. App. 3d 147, 317 N.E.2d 59, *Earles v. Earles* (1951), 343 Ill. App. 447, 99 N.E.2d 359, and *Bramson v. Bramson* (1958), 17 Ill. App. 2d 87, 149 N.E.2d 399, which were also relied upon by the father in *Escott*. In *Bramson, Earles,* and *Strum*, the custody of the children had been given to the mother, and the parties did not foresee, much less agree in advance, that the children would live outside the homes of the mothers. Here, the parties agreed that the child would reside with the appellee for two months during the summer while the appellant was to have custody during the other ten months. The appellee was to make monthly payments with no exceptions provided. Therefore, we find *Strum, Earles,* and *Bramson* inapposite to the case at bar.

■■ We next turn to appellee's contention that the parties had entered into a modification of the divorce decree as set out in the beginning of this opinion. In determining the validity and effect, as between divorced spouses, of an agreement by which the former wife releases the former husband from his obligation under the provisions of the divorce decree to pay child support to her, the first question to be considered is whether the agreement meets the tests of validity applicable to all releases. In particular, the agreement must be supported by a valid consideration. (*Johnson v. Johnson* (1975), 26 Ill. App. 3d 64, 324 N.E.2d 450.) Consideration for a promise is (a) an act other than a promise, or (b) a

forbearance, or (c) the creation, modification or destruction of a legal relation or a return promise bargained for and given in exchange for the promise. (Restatement of Contracts §75 (1932).) There is no evidence in the record that appellant's promise to waive summer support payments was ever bargained for and exchanged for appellee's promise to forbear filing contempt proceedings against appellant. As stated previously, there was no evidence presented at the hearing that appellee ever made such a promise.

In *Wolfe v. Wolfe* (1940), 303 Ill. App. 188, 24 N.E.2d 871, relied on by the appellee, the parties had definitely reached an agreement that support money should be reduced from $15.00 to $12.50 per week. For five years defendant paid all the reduced amounts in accordance with this agreement so that there existed no issue as to his compliance therewith. The mother accepted the reduced payments for five years without a protest. For almost all that time, the child was in the ex-husband's mother's custody who contributed to its support. The *Wolfe* court denied the mother relief. In this case, as stated previously, no agreement had been reached and the child was in the custody of appellant for 10 months of the year.

We have examined the numerous other cases appellee has cited in his brief and found that none of them are controlling.

For the reasons stated herein, we conclude that the trial court erred in failing to order appellee to pay appellant the arrearage for the support payments during the summer months when the child resided with his father. Therefore, this cause is remanded to the trial court to enter an order not inconsistent with this opinion.

Remanded with directions.

KARNS and JONES, JJ., concur.