No. 13516

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

BEVERLY KING DAHL,

        Plaintiff and Appellant,

-vs-

ROGER A. DAHL,

        Defendant and Respondent.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

    For Appellant:

        Dola N. Wilson, Jr. argued, Great Falls, Montana

    For Respondent:

        John M. McCarvel argued, Great Falls, Montana

---

Submitted: January 27, 1978

Submitted:

Filed:

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by plaintiff Beverly King Dahl from a decree adjudicating property rights, child custody and support, and attorney fees following a divorce in the District Court, Cascade County.

Beverly King Dahl (wife) and Roger A. Dahl (husband) were married on September 16, 1956 in Great Falls, Montana. Five children were born as issue of the marriage whose ages at the time of the decree herein appealed were: Lita, age 18 and emancipated; Ronald, age 16; Denise, age 14; Michelle, age 12; and Jason, age 6.

The wife filed a divorce complaint on March 13, 1974. A decree of divorce was granted on November 8, 1974. The divorce decree contained no provisions for child custody, support, adjudication of property rights, or attorney fees. This decree of divorce is not contested in this appeal.

At the time of the divorce, the principal marital property of the parties was a business known as Dahl's Wrecker Service (land, buildings, vehicles, equipment and miscellaneous personal property) and a residence (land, building, furnishings, household appliances and miscellaneous personal property). During the course of proceedings two Cadillac automobiles became involved. The assets of the business, the residence, and the Cadillacs were substantially encumbered.

Following the divorce decree, pretrial discovery was instituted, numerous hearings were held, and various proceedings transpired with reference to child custody, support, property rights and attorney fees, some of which occurred in the conciliation court and some in the District Court. These proceedings culminated in the entry in District Court of findings of fact, conclusions of law and a decree dated July 1, 1976.

By this decree the wife was awarded custody of the four minor children subject to specified custody and visitation rights of the husband. The wife was awarded $100 per month per child, plus medical expenses as child support. Each party was ordered to pay his or her own attorney fees.

The wife was awarded a 1974 Cadillac free and clear of liens and encumbrances. She was awarded the residence and required to pay the monthly mortgage payments and taxes subject to two conditions: (1) that her father (to whom she had deeded her half interest in the Dahl Wrecker Service garage during the pendency of proceedings) deed to her husband this half interest, (2) that she and the children live in the residence. The decree provided that in the event she and the children failed to reside in the residence, it would be sold and the net proceeds divided equally between husband and wife. She was also awarded the household furniture, furnishings, utensils and appliances.

The husband was awarded a 1975 Cadillac and required to assume the indebtedness against it. He was also awarded all the personal property (trucks, tools, etc.) used in connection with Dahl's Wrecker Service and a half interest in the garage building and was required to assume all indebtedness against it. The decree provided that the husband receive a one-half interest in the residence which he was required to deed back to the wife when her father deeded to him the half interest in the Dahl Wrecker Service garage, which her father had acquired during the pendency of the action.

Each party was granted the right to make payments due on real estate received by the other to prevent foreclosure and was to receive credit thereon.

The wife has appealed from this decree. The issues for review in this appeal can be stated in terms of whether the

District Court erred in the following respects:

(1) In cancelling past unpaid child support payments.

(2) In failing to compel discovery.

(3) In refusing to award the wife reasonable attorney fees.

(4) In failing to find the husband in contempt of court.

(5) In its property division.

On April 25, 1974, the District Court ordered the husband to pay $500 per month child support commencing on that date. Although the testimony and evidence discloses a dispute concerning the amount of the delinquency, there is little question that some amount is due, owing and unpaid. The District Court recognized this in its finding of fact VII:

> "Prior to the September, 1975 hearing defendant had been paying child support and there is a dispute just how much he may be delinquent. Plaintiff failed to prove by a preponderance of the evidence how much might be delinquent. Since the divorce plaintiff has had the sole and exclusive use of the house jointly owned by the parties and the sole use thereof offsets any delinquent child support payments."

This finding is error. A divorce decree cannot be modified to cancel past due and unpaid child support. Section 48-330(1), R.C.M. 1947; Porter v. Porter, (1970), 155 Mont. 451, 473 P.2d 538; Kelly v. Kelly, (1945), 117 Mont. 239, 157 P.2d 780. The April 25, 1974 order awarded both $500 per month child support and exclusive use of the residence to the wife and children. Thus there is no basis for offsetting the use of the residence against delinquent support payments. Since the payment records of the clerk of court and attorney's checks clearly labelled as child support are set out as appendices to the briefs, it should not be difficult to determine the amount of the delinquency after their introduction in evidence and proper hearing. We set aside finding of fact VII and remand for a new trial on this issue.

Next, the wife argues that error was committed by the

- 4 -

trial court in refusing to compel discovery. Although it is somewhat difficult to follow the wife's argument here, apparently it is based on the husband's failure to produce certain records in response to a subpoena duces tecum at a hearing on January 15, 1975. Although the husband did not produce the records at that time on advice of counsel, no further action to compel their production was taken by counsel for the wife. Under such circumstances, the alleged error is waived.

The next issue for review is the refusal of the District Court to award the wife a reasonable attorney's fee for the services of her attorney. There is no indication in the findings, conclusions or decree why attorney fees were not awarded. We remand for a finding in this regard.

We find no error in the District Court's refusal to hold the husband in contempt of court. We simply find no basis in the record for holding him in contempt.

The final issue for review is the principal battleground in this appeal. It is impossible to determine from the record before us whether a just and equitable division of the marital property was made or not. The basic difficulty is simply that there is no competent evidence of value of one of the principal items of marital property, i.e., Dahl's Wrecking Service and property used in connection therewith.

The District Court in its findings rejected the appraisal of the business by the wife's appraiser as beyond the area of his expertise. The District Court relied instead on an accountant's appraisal which it found "not necessarily correct as of the date hereof" in regard to personal property used in the business. Although the stipulation of counsel for both parties and the District Court's order of September 26, 1974 required that specified financial records of the parties be turned over to a certified accountant approved by the court who was required to prepare

certified financial statements, this was never done. The accounts were not audited and only assets and liabilities submitted to him were covered by the report. The financial statement was not certified. Valuations contained therein were prepared on the basis of the parties' 1973 Federal income tax returns and from information supplied for purchases and sales of assets in the eight months ending August 31, 1974. The accountant's statement was dated October 31, 1974 while the District Court's findings, conclusions and decree were entered July 1, 1976. The whole document was prepared for the husband on the basis of information furnished by him.

Under such circumstances we vacate the District Court's property division and remand for a new trial for lack of competent evidence supporting the same.

This cause is remanded to the District Court for further proceedings consistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

Mr. Justice John C. Sheehy did not participate in this case.

- 6 -