No. 83-378

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA, Department
of Revenue,

Plaintiff and Appellant,

-vs-

CHARLES DAWSON,

Defendant and Respondent.

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John C. Koch argued, Great Falls, Montana

For Respondent:

Daniel Sweeney argued, Butte, Montana

Submitted: December 5, 1983

Decided: January 5, 1984

Filed: JAN 5 - 1984

*Ethel M. Harrison*

Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

This appeal arises out of a temporary restraining order issued by the District Court of the Second Judicial District, Silver Bow County, restraining the State of Montana, Department of Revenue, from levying upon the bank account of Charles Neale Dawson. For the reasons stated below, we reverse the order of the District Court.

The State of Montana, Department of Revenue, brought an action to enforce the child support provisions of a decree of divorce entered in the District Court of the Second Judicial District, Silver Bow County, on May 7, 1973, dissolving the marriage of Roberta Jo Dawson and Charles Neale Dawson, awarding custody of their minor child to Roberta and ordering Charles to pay $70 per month child support. The matter was heard by Hon. Judge Freebourn and on April 4, 1979, he entered findings of fact, conclusions of law and judgment which provided:

### FINDINGS OF FACT

"1. That a decree of divorce was filed in the Second Judicial District in and for the County of Silver Bow in May of 1973, stipulating seventy ($70.00) dollars per month, child support.

"2. That the defendant is in arrearages in the amount of $6,689.00.

"3. That defendant is unable to make support payments.

### CONCLUSION OF LAW

"1. That a decree of divorce was filed in the Second Judicial District in and for the County of Silver Bow in May of 1973, stipulating seventy ($70.00) dollars per month child support.

"2. That the defendant is in arrearages

-2-

in the amount of $6,689.00.

"3. That defendant is financially unable to meet any payments for his support order. Until such time as he is able to do so, no further action will be taken.

"LET JUDGMENT BE entered accordingly in conformance with the Findings and Conclusions.

## JUDGMENT

"UPON SUBMISSION and filing of the findings of fact and conclusions of law in the above entitled matter, it is hereby adjudged, decreed and ordered that CHARLES DAWSON, is unable to make child support payments, until such time no further action will be taken."

On March 25, 1983, the State was issued a writ of execution in the amount of $6,689, the amount found by the District Court on April 4, 1979, to be the accrued child support arrearages. On June 7, 1983, the Sheriff of Silver Bow County levied upon and returned $2,363.29 of a $4,500 bank account belonging to Dawson and his new wife.

On June, 24, 1983, Dawson filed an affidavit and a petition for temporary restraining order asking that the State be restrained from levying on his bank account. A temporary restraining order and an order to show cause was issued by the District Court the same day. The money obtained by the Sheriff's levy was held in trust by the Clerk of the District Court pending the hearing.

The hearing was held on July 22, 1983. On July 25, 1983, the District Court held that the State's writ of execution was void and the temporary restraining order was made permanent until a full and final hearing could be conducted to determine what delinquencies, if any, existed. (Order, July 25, 1983.) In addition, the Clerk of the District Court was ordered to return the funds to Dawson.

On the same day, the State filed its notice of appeal and a motion for stay of the order pending the appeal. The motion for stay was denied.

Initially, appellant asserts that the District Court erred in interpreting Judge Freebourn's April 4, 1979 judgment as requiring additional findings before an execution for accrued child support could be permitted.

The principle that child support installments past due and unpaid are not subject to modification is an old one in Montana law, having been articulated as early as Kelly v. Kelly (1945), 117 Mont. 239, 157 P.2d 780. However, it was our decision in Williams v. Budke (1980), 606 P.2d 515, 37 St.Rep. 228, that adopted the view that restrictions on the right to levy for accrued child support is an impermissible retroactive modification. In Williams, a former wife made a motion to show cause why her former husband should not have been adjudged guilty of contempt for failure to pay child support in accordance with a marriage dissolution decree. At the show cause hearing, the District Court denied the motion, found the husband delinquent in accrued child support payments and established a deferred payment schedule for the husband's delinquent child support obligations. The wife appealed, raising three issues, among them whether it was error not to hold the delinquent child support payable immediately and subject to enforcement by execution. Williams, supra, 606 P.2d at 517. We held that the District Court erred because the result of the deferred payment schedule was a modification of the judgment previously entered in the District Court as to the accrued child support payments, a violation of Section 40-4-208(1), MCA,

-4-

which provides that, ". . . a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to the motion for modification."

Respondent argues that the District Court's order was not a modification but, rather, a ruling in accordance with an earlier court decision that additional findings would have to be made that respondent was able to meet his child support obligations before any action could be taken on the arrearage owed. However, the practical effect of the order was to defer appellant's right to levy execution on accrued child support payments. This constituted a retroactive modification and was erroneous. In Williams, supra, we examined Webb v. Finger Contract Supply Co. (Tex. 1969), 447 S.W. 2d 906, 908 in determining that, ". . . 'modification' has been defined as 'A change; an alteration which introduces new elements into the details, or cancels some of them, but leaves the purpose and effect of the subject matter intact.'" This was the effect of the District Court's order of March 5, 1983. Moreover, in Dahl v. Dahl (1978), 176 Mont. 307, 577 P.2d 1230, we pointed to Section 40-4-208(1), MCA, to the effect that a divorce decree cannot be modified to cancel past due and unpaid child support.

We note here that, although the issue was not raised before the District Court or on appeal, Judge Freebourn's order of April 4, 1979, contained no monetary judgment. The fact that appellant was in arrearages in the amount of $6,689 was included in Judge Freebourn's findings of fact and conclusions of law but not in the judgment. We point this out to the State, so that in the future, appropriate judgments will be entered prior to the issuance of a writ of

-5-

execution.

In addition, respondent has contended that Social Security payments to the appellant should be used as an offset in determining the amount respondent owes for support. We have considered the argument but will not decide it at this time as the issue was never presented to the District Court for its consideration.

Finally, we note that the duty to reduce or modify support and alimony payments remains on the spouse who is either unsatisfied or unable to make the payments. Daniels v. Daniels (1966), 147 Mont. 57, 409 P.2d 824.

We reverse the decision of the District Court and deny respondent's request for costs and attorney fees.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justice