No. 84-184

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

IN RE THE CUSTODY OF
MAYCELLE D.

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark Sullivan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

James Dorr Johnson, Butte, Montana

For Respondent:

Daniel Sweeney, Butte, Montana

Submitted on Briefs: July 10, 1984

Decided: November 1, 1984

Filed: NOV - 1 1984

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The mother of Maycelle D. appeals from an order of the District Court, Second Judicial District, Silverbow County, modifying a dissolution of marriage decree to grant specific visitation rights to the father. We reverse in part and remand with instructions.

We consider two issues on this appeal:

(1) The District Court interviewed the minor in chambers, and made a record of the interview. On its own motion, without a hearing, under section 40-4-216(4), MCA, the District Court ordered the interview record sealed to protect the minor. The mother contends this is reversible error.

(2) The District Court modified the dissolution of marriage decree to provide the father specific visitation rights for which the mother contends there is not substantial evidence in support thereof.

The minor is a 12-year-old girl living with her mother. The mother and father were married on July 5, 1971, and divorced in 1973 when the minor was nine months old. Under the divorce decree the mother was given custody of the minor child, and the father was granted the right to visit the minor child at reasonable times and places, "provided that he complies with the terms of the decree." The father was ordered to pay the sum of $70 per month as child support to the mother.

We take judicial notice of cause no. 83-378 in our Court, entitled State of Montana, Department of Revenue v. Charles Dawson (Mont. 1984), 674 P.2d 1091, 41 St.Rep. 46.

The defendant in that case is the father of this minor child. On April 4, 1979, the District Court made findings to the effect that the father was in arrears in the support of the minor child in the sum of $6,689. However, the District Court determined that the defendant was then unable to make support payments and suspended his responsibility for making any further support payments to the mother. When the case came before us on appeal, we held that the court could not make a retroactive modification of the child support payments and determined that the Department of Revenue was entitled to recover from the father the arrears in the sum of $6,689.

The District Court file reflects that on January 13, 1984, the Department of Revenue obtained two writs of execution respecting the unpaid support payments. On the same date, the father filed a motion for contempt against the mother on the ground he had been denied visitation and telephone calls with the minor child. The cause was heard before the District Court on February 23, but no record of the hearing was made, although both father and mother appeared and were represented by counsel. On February 24, 1984, the District Court entered an order amending the dissolution of marriage decree to provide that the father should have visitation rights on an alternating basis on legal holidays and the child's birthday and on alternate Saturdays, from 9:00 a.m. to 9:00 p.m. on Sunday. The Court entered findings of fact, conclusions of law, and judgment on March 22, 1984 and this appeal ensued.

At the hearing for contempt, the District Court interviewed the minor child to determine her wishes with respect to visitation. On April 2, 1984, the District Court entered an order sealing the record of the interview of the

minor child upon the ground that the court found it necessary that the record of the interview be kept secret to protect the child's welfare pursuant to section 40-4-216(4), MCA.

No counsel was appointed to represent the child in the proceedings. Counsel for the mother purports to represent the child on appeal, but we regard his representation in the cause as confined to that of the mother.

The mother is proceeding on appeal in forma pauperis. Her affidavit of indigency indicates that she receives board and room from an employer, $79-$90 per month for daycare of other children, and ADC payments for Maycelle in the sum of $102 per month.

Unfortunately, we do not have a proper record on appeal. Each party attempted to comply with Rule 9(d), M.R.App.Civ.P., by submitting a statement of the evidence. There are marked differences in their statements of the evidence before the District Court. However, the District Court has not approved either statement as required by Rule 9(d), supra, and the same has not been certified to us as the record on appeal. Because we have no record of the hearing testimony and exhibits relating to the visitation of Maycelle, we are unable to determine whether extending explicit visitation rights to the father was appropriate in this case.

There is, however, sufficient record before us on which we can make a determination as to sealing the interview of the minor child by the District Court. From the order of April 2, 1984, and from the findings of fact and conclusions of law entered by the District Court in the cause, we determine that the basis for sealing the record of the

interview with the minor child is not sufficiently demonstrated, and reversal on that point is required.

Our cases are explicit with regard to custody. We are committed to the view that the welfare of the child is the paramount consideration in awarding custody. We have held that the welfare of children, particularly of the age involved here, is not being served if their wishes are not considered by the trial court. We have therefore required in custody cases that the court make a specific finding stating the wishes of the children as to their custodian, and if the court determines that the children's wishes are not to be followed, the court should state in its findings the reason it has chosen not to follow their wishes. In Re Marriage of Kaasa (1979), 181 Mont. 18, 25, 591 P.2d 1110, 1114; In Re Marriage of Kramer (1978), 177 Mont. 61, 69, 580 P.2d 439, 444.

We have also held that the well-rounded development of a normal child demands association with both natural parents, and the noncustodial parent is entitled to a fair opportunity to share in the child's love and affection when this can be done without detriment to the child. In Re the Marriage of Firman (1980), 187 Mont. 465, 469, 610 P.2d 178, 180.

By sealing the record of the interview with the minor child, the District Court has made it impossible for the mother to make the interview a part of the record on appeal and to contest the District Court's decision not to follow the wishes of the minor child, if the child does not wish visitation with the father.

We hold that the rules which we have stated with respect to the child's wishes as to custody likewise apply with respect to visitation, and that when the welfare of a child

- 5 -

of the age involved here is in question with respect to visitation by the noncustodian, and the court interviews the minor child as to his wishes respecting visitation, the District Court should make a specific finding, stating the wishes of the child as to visitation with the noncustodian. If the court determines that the child's wishes are not to be followed, the court should state in its findings the reasons it has chosen not to follow such wishes.

In this cause there is no reflection in the findings of fact of the District Court as to the child's wishes, or the reasons for not following the same if the child does not wish visitation with the father.

Section 40-4-214, MCA, provides that the court may interview the child in chambers to ascertain the child's wishes as to its custodian "and as to visitation." The statute further requires that the court cause a record of the interview to be made and to be a part of the record in the cause.

Section 40-4-216(4), MCA, provides that if a court finds it necessary that the record of the interview be kept secret to protect the child's welfare, the court may make an appropriate order sealing the record.

In this case, the record of the interview was sealed without a hearing and without explanation except the court's statement in its order that its purpose was to protect the child's welfare. It is difficult for us to comprehend how the child's welfare will be endangered unless the record of the interview is sealed from the child's mother (who has fully cared for the child to date), from her counsel, and indeed from this Court. This is not to say a valid reason does not indeed exist, in which case, for purposes of appeal,

we would suggest there be submitted to us the record of the interview in camera for our examination.

We remand the cause to the District Court with these instructions: the mother shall be given opportunity for a hearing on whether the record of the interview should continue to be sealed for all purposes or whether some modification of the order for sealing may be made for the purpose of her appeal; if, in the judgment of the District Court, no revelation of the interview should be made to the parties, the record of the interview may be submitted to this Court in camera in any future appellate proceedings. We also remand for a certification by the District Court under Rule 9(d), M.R.App.Civ.P., of a record on appeal for any future appellate proceedings. In the meantime, the order of the District Court granting explicit visitation to the father shall be and remain in effect.

John C. Sheehy
Justice

We Concur:

Chief Justice

Justices