MR. JUSTICE MORRISON,
dissenting:
I respectfully dissent. The district court erred in failing to find Keith Smith in contempt and in failing to order him to make delinquent support payments. Further, the district court erred in modifying Keith Smith’s visitation schedule with his daughter, Natalie, absent a showing that the modification would be in Natalie’s best interest.
At the hearing on Sandra Smith Adam’s show cause motion, Keith Smith testified as to why he was behind in his child support payments. He stated that illness and a nervous disorder prevented him from working and that a depressed real estate market prevented him from making a living as a real estate agent. However, when questioned about whether he had been attempting to sell real estate, he testified:
“Oh, not really wholeheartedly. But there is [sic] no sales. It costs more to go out and drive around in your car than you’re going to make selling real estate in this town, I can tell you that.” Tr. p. 19.
Further, Smith volunteered a long, dismal story regarding his financial condition, while, at the same time, stating that he was making house and automobile payments as well as providing his own living expenses. Then, the following questioning occurred:
*74 “Q. You have been making payments, house payments, providing your own living expenses, staying up with your other obligations all during this time that you have been delinquent in child support payment as shown by the records of this Court, and you think that the fact that you have actually paid $1,300 for the support of a teen-aged daughter in a 24-month period is a real achievement?
“A. That is way too much. They don’t need any money. Especially from me. They don’t need any money. You can ask — you know how well off they are.
“Q This is what —
“A. Owner of two night clubs needs $100 a month from somebody who isn’t working, that is pretty low I believe. And then hold my daughter, blackmails me with my daughter.” Tr. pp. 24-25.
At that point, the trial judge halted the questioning of Mr. Smith and stated:
“THE COURT: All right, that is enough of this. I have heard enough, you can get down.
“I have had enough of this case right now. The record shows that he had made a diligent effort with his income to support the child as far as I’m concerned.” Tr. p. 25.
In my opinion, this finding is an abuse of the trial court’s discretion. The evidence presented by Keith Smith at the hearing overwhelming supports a finding that regardless of his ability to do so, Smith is not going to pay child support for two reasons: (1) his ex-wife’s husband makes more than enough money with which to support Natalie; and (2) his visitation rights were being denied. Neither of these reasons justifies Smith’s failure to support his own daughter. Fitzgerald v. Fitzgerald (Mont. 1980), 618 P.2d 867, 37 St.Rep. 1350.
Tangentially, the majority’s statement that Sandra presented no specific evidence regarding Smith’s ability to pay, places that burden of proof on the wrong party.
“It has long been the law in this state that to avoid being held in contempt for failure to pay alimony, it is the duty of *75 the defendant, ‘for his own protection, to go into court, relate the circumstances, and pray for a revocation or modification of the order directing him to pay alimony.’ State ex rel. Bordeaux v. Second Judicial District Court, 31 Mont. 511, 79 P. 13. (Citations omitted.)” Daniels v. Daniels (1966), 147 Mont. 57, 59, 409 P.2d 824, 825-826.
Likewise, once Sandra proved that Smith was delinquent in his child support payments, the burden shifted to Smith to show why and to prove his inability to make the payments.
Child support installments past due and unpaid are not subject to modification. Section 40-4-208(1), MCA. State Dept, of Revenue v. Dawson (Mont. 1984), [207 Mont. 417,] 674 P.2d 1091, 41 St.Rep. 46. This cause should be remanded with instructions to the trial judge to find Smith in contempt and to hold the delinquent child support payable immediately and subject to enforcement by execution. Williams v. Budke (1980), 186 Mont. 71, 77, 606 P.2d 515, 518.
Regarding the visitation issue, section 40-4-217(3), MCA, states in relevant part: “The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the child.” See also, In re the Custody of R.L.S. and T.L.S. (Mont. 1983), [207 Mont. 199,] 674 P.2d 1082, 40 St.Rep. 1982, where we held that modification of a visitation schedule is governed by the same standard used to judge modification of a custody decree, the best interests of the child. No evidence was presented concerning the best interest of Natalie. This cause should also be remanded on the visitation issue with instructions to the trial judge to conduct a hearing to determine Natalie’s best interests, pursuant to section 40-4-212, MCA.
MR. JUSTICE SHEA, dissenting:
I join in the dissent of Mr. Justice Morrison.