MR. JUSTICE WEBER,
dissenting:
The majority opinion carefully reviewed the evidence considered by the District Court in reaching its conclusion that Dieta Cook was estopped from enforcing the support provisions of the decree of dissolution. I agree that the evidence supporting estoppel is compelling and would agree with the conclusion of the court if the sufficiency of the estopped evidence were the only question before us. However, I find other aspects have not been sufficiently considered in the majority opinion.
The majority opinion effectively has disregarded the provision of Section 40-4-208, MCA, which in pertinent part states:
“(1) . . .a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to the motion for modification.”
The above section is a part of the Uniform Marriage and Divorce Act enacted by our legislature in 1975. Uniformity of the Act among the several states was a primary objective as stated at Section 40-4-102, MCA:
“This chapter shall be so applied and construed as to effectuate its general purpose to make uniform the law . . . among those states which enact it.”
*301 The essence of Section 40-4-208, MCA, is that a court may modify a support decree only as to subsequently accruing installments. On its face the statute appears to prohibit the action which is being taken in the present case.
It might be argued that the decree in the present case does not actually constitute a modification. I believe that has been disposed of in cases interpreting the section.
Williams v. Budke (1980), 186 Mont. 71, 606 P.2d 515, was a marriage dissolution case in which the decree required the husband to pay $300 per month in child support. The husband became seriously ill, had open heart surgery and was rehospitalized. As of 1978 husband owed $14,872.55 in medical bills and had no real property, no savings account and could not get medical or life insurance. Wife worked for a flooring company and she and her three minor children lived with her mother. At the show cause hearing the husband moved for a modification of his child support obligation and the District Court found him unable financially to pay $300 per month. As to future installments, the award was reduced to a total of $150, with subsequent increases in later years. The District Court found the husband delinquent in accrued child support payments in the amount of $9,080 and gave the husband credit for $3,600 received by the wife upon a prior execution and $970 for payments made directly to the minor children. The District Court then established a deferred payment schedule for the husband’s delinquent support obligation providing that the husband was to pay $150 per month to be credited toward delinquent child support with the commencement delayed for several years. This Court reversed the action of the District Court in deferring the payment for delinquent child support. This Court acknowledged the effort of the District Court to consider the financial condition of the husband and stated:
“We appreciate the effort of the District Court to take cognizance of the financial condition of husband in establishing the deferred schedule. However, the result, as the court ordered it, is to modify the judgment ... as to the accrued child support payments. This action of the District Court is repugnant to a controlling statute [citing the above Section 40-4-208 (1)] . . .
“There can be no doubt that the District Court modified the judgment for accrued child support payments, and modified it retroactively . . .
“In Dahl v. Dahl (1978), [176 Mont. 307,] 577 P.2d 1230, 1232, 35 St.Rep. 536, we pointed to the same statute (formerly Section 48- *302 330 (1), R.C.M. 1947) to the effect that a divorce decree cannot be modified to cancel past due and unpaid child support. (Emphasis supplied.)”
Williams, 606 P.2d at 517.
Notwithstanding the arguments which were made to the court regarding the extreme health problems on the part of the husband and his financial inability to pay, this Court concluded that the statute was controlling so that the judgment for accrued child support payments could not be modified retroactively. This Court also reaffirmed the Dahl rule which held that a divorce decree cannot be modified to cancel past due and unpaid child support. The effect of the majority opinion in the present case is a cancellation of past due and unpaid child support in direct contradiction to the holdings in Dahl and Williams.
In a similar manner, in State Department of Revenue v. Dawson (Mont. 1984), [207 Mont. 417,] 674 P.2d 1091, 41 St.Rep. 46, this Court considered the action of the District Court which had concluded that the defendant was in arrears in the amount of $6,689 and that the defendant was unable to make the support payments and therefore concluded that it was appropriate to restrain the State of Montana from levying upon the bank account of the defendant. While the lower court had not in fact modified the decree, it effectively neutralized it by prohibiting the levy of a writ of execution. This Court again affirmed and explained its position in Williams and stated:
“The principle that child support installments past due and unpaid are not subject to modifications is an old one in Montana law, having been articulated as early as Kelly v. Kelly (1945), 117 Mont. 239, 157 P.2d 780. However, it was our decision in Williams v. Budke (Mont. 1980), [186 Mont. 71,] 606 P.2d 515, 37 St.Rep. 228, that adopted the view that restrictions on the right to levy for accrued child support is an impermissible retroactive modification. (Emphasis supplied.)”
Dawson, 674 P.2d at 1093.
In response to the argument that the ruling was not in fact a modification, the court stated:
“However, the practical effect of the order was to defer appellant’s right to levy execution on accrued child support payments. This constituted a retroactive modification and was erroneous.”
Dawson, 674 P.2d at 1093.
*303 In addition, this Court reaffirmed its previously stated position in Williams and again stated:
“Moreover, in Dahl v. Dahl ... we pointed to Section 40-4-208 (1), MCA, to the effect that a divorce decree cannot be modified to cancel past due and unpaid child support.” (Emphasis supplied.) Dawson, 674 P.2d at 1093.
In these two cases, we find the strong position of this Court that a divorce decree cannot be modified to cancel unpaid and past due child support and that to even place a restriction on the right to levy for such accrued support is impermissible modification. The present case does not address the clear position of these cases and a number of others which have reinforced the statutory provision that a modification may be made of a support order only as to future rather than past due installations.
In State of Washington ex rel., Blakeslee v. Horton (Mont. 1986), [222 Mont. 351,] 722 P.2d 1148, 43 St.Rep. 1321, we for the first time applied equitable principles to bar collection of past due and unpaid child support installments. That was a distinctive case in which the course of conduct on the part of both mother and father had extended over a period of fourteen years. Perhaps we can say that the unique circumstances in such a case justify the equitable position taken. I have a real problem in attempting to apply the same rationale to the present case. The legislative view of the power of the district court and this Court is contained in Section 40-4-208, MCA, where the legislature states that a court may modify a decree as to support only as to installments accruing subsequent to the motion. In the present case the majority has responded to an equitable argument which should be directed to the legislature. Certainly it may be reasonable to suggest to the legislature that courts should be given authority to modify support provisions on equitable theories such as involved in the present case. However, I believe we have gone beyond the function of this Court in making the legislative modification ourselves.
In further support of the contention that child support decrees cannot be modified as to installments accruing subsequent to the motion for modification are the Commissioners’ Notes to what has been adopted in Montana as Section 40-4-208, MCA:
“Subsection (a) makes each installment under an order for periodic support or maintenance final and non-modifiable when it falls due. The accrued installments cannot be modified retroactively, and future installments can be modified only as to those falling due after a *304 motion for modification has been filed. The purpose of this making each installment final and non-modifiable when it becomes due is to give each past due installment the status of a final judgment entitled to full faith and credit in other states pursuant to the decisions of the Supreme Court in Lynde v. Lynde, 21 S.Ct. 555, 181 U.S. 183, 45 L.Ed. 810 (1901); Sistare v. Sistare, 30 S.Ct. 682, 218 U.S. 1, 54 L.Ed. 905, 28 LRANS 1068, 20 Ann.Cas. 261 (1910); Barber v. Barber, 65 S.Ct. 137, 323 U.S. 77, 89 L.Ed. 82, 157 A.L.R. 168 (1944); and Griffin v. Griffin, 66 S.Ct. 556, 327 U.S. 220, 90 L.Ed. 635 (1945).
Uniform Marriage and Divorce Act Commissioner’s Notes, Section 316.
The Commissioners’ Notes provide a simple statement of the law. Many state courts have followed this statement of the law and have steadfastly refused to consider retroactive child support modification. See Ferry v. Ferry (1978), 201 Neb. 595, 271 N.W.2d 450; Jahn v. Jahn (1979), 179 Ind.App. 368, 385 N.E.2d 488; Gomez v. Gomez (1978), 92 N.M. 310, 587 P.2d 963; Worthley v. Worthley (1955), 44 Cal.2d 465, 283 P.2d 19; Gamble v. Gamble (D.C. 1969), 258 A.2d 261; Robertson v. Cason (La.App.1967), 203 So.2d 743; Hatch v. Hatch (1976), 113 Ariz. 130, 547 P.2d 1044; McAdams v. Scullin (1977), 53 Ill.App.3d 374, 11 Ill.Dec. 428, 368 N.E.2d 1036; In re Hart’s Marriage (Colo.App. 1975), 533 P.2d 42. Oregon allowed a modification, but did so under a different statute. See Emanuel v. Emanuel (Or.1978), 5 F.L.R. 2156.
I would reverse the District Court and remand for a determination of the support accruing subsequent to the filing of the motion, for which an award can be made as prospective rather than past due.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICE GULBRANDSON join in the foregoing dissent of MR. JUSTICE WEBER.